**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **THOMAS EDWARD BLANKENSHIP,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-115-Y |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Thomas Edward Blankenship, TDCJ-ID #1173268, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Beeville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On May 13, 2003, a jury found Blankenship guilty of possessing a controlled substance in

the 355th Judicial District Court of Hood County, Texas, and assessed his punishment at seventeen years' confinement and a $10,000 fine. *Ex parte Blankenship*, State Habeas Application No. 56,732-03, at 145. Blankenship appealed, but the Second District Court of Appeals affirmed the trial court's judgment on August 12, 2004. *Blankenship v. Texas*, No. 2-03-241-CR, slip op. (Tex. App.–Fort Worth Aug. 12, 2004) (not designated for publication). Blankenship did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Petition at 3.) He filed a state application for writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals on January 25, 2006, without written order. *Ex parte Blankenship*, State Habeas Application No. 56,732-03, at cover. Blankenship filed this federal petition for writ of habeas corpus on January 31, 2006.[1]

### D. ISSUES

Blankenship raises two grounds asserting various ineffective-assistance of trial counsel claims. (Petition at 7-7E.)

### E. RULE 5 STATEMENT

Quarterman believes that Blankenship has sufficiently exhausted his state remedies with regard to the claims raised as required by 28 U.S.C. § 2254(b)(1). (Resp't Answer at 5.)

### F. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to the presumption.  *Neal v. Puckett*, 286 F.3d 230, 235

3

(5th Cir. 2002); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2.  Ineffective Assistance of Counsel

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Id.* at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective assistance claims have been reviewed on their merits and denied by the state's highest court, federal habeas relief will be granted only if the state court's decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).

Blankenship raised his ineffective assistance claims in his state writ application, which was denied by the Texas Court of Criminal Appeals without express findings of fact or written order. As previously noted, this constitutes an adjudication on the merits of the claims and is entitled to the presumption of correctness. *See Neal*, 286 F.3d at 235. Under these circumstances, this court may

assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). Applying these principles and having independently reviewed Blankenship's ineffective assistance claims in conjunction with the state court records, it does not appear that the state court's application of *Strickland*'s attorney-performance standard was objectively unreasonable.

Blankenship claims counsel was ineffective by failing to conduct adequate and proper pretrial interviews and investigations into the facts of his case and the relevant law. (Petition at 7-7E; Pet'r Memorandum in Support at 1-33.) He asserts that, before trial, counsel should have investigated the videotape from the Hood County Sheriff's patrol car, secured a transcript of Hood County Sheriff's Deputy Robert Young's testimony at the suppression hearing, and interviewed witnesses before trial, including Robert Arnold, Angela Dawn Eye, and Hood County Sheriff's Deputy Wesley Edwards. (Pet'r Memorandum at i through i-c.) Counsel has a duty to conduct a reasonable pretrial investigation into the facts and pertinent law of a criminal case or to make a reasonable decision that makes particular investigations unnecessary. *See Strickland*, 466 U.S. at 691.

In this case there is nothing in the record to reflect the nature and extent of trial counsel's pretrial investigation. Nevertheless, counsel's performance at the suppression hearing and at trial

---

[2] The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

reflects that counsel was familiar with the facts of Blankenship's case and the law relevant to the case. Further, testimony regarding the videotape was elicited at the suppression hearing more than a year before Blankenship's trial. Thus, counsel was aware of the existence of the videotape, and nothing in the record indicates that counsel did not view the videotape before trial or that the videotape was fabricated by law enforcement. Blankenship's unsupported assertions to the contrary have no probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Similarly, there is nothing in the record to indicate whether Arnold and Eye were available to testify at the suppression hearing or that Deputy Edwards was available and would have agreed to be questioned by counsel before trial.[3] (Pet'r Memorandum at 10-12 & Exhibits 7 & 8.) It is further noted that, having reviewed the affidavits of Arnold and Eye, their testimony at the suppression hearing likely would have had little, if any, impact on the trial court's ruling. The averments in the affidavits have more relevance to count two in the indictment, alleging Blankenship evaded arrest, which was waived by the state before trial. Blankenship also claims that, had counsel interviewed Arnold before trial, counsel could have "preserved the integrity" of Arnold's testimony at trial by filing a motion in limine preventing the state from impeaching Arnold with his arrest for felony DWI and with the information that Blankenship and Arnold had discussed the case while they were both in jail, making his testimony appear to the jury as a jailhouse fabrication. (*Id.* at 11.) Under state evidentiary rules the credibility of a witness may be attacked with evidence of the witness's conviction for a felony or crime involving moral turpitude. TEX. R. EVID. 609(a). Furthermore, it was permissible for the state to question Arnold regarding whether and when he had

---

[3]Arnold did testify at trial on Blankenship's behalf.

6

discussed his testimony with Blankenship.  Thus, the filing of a motion in limine would not have necessarily prevented the admission of the evidence.  *See generally Norman v. Texas*, 523 S.W.2d 669, 671 (Tex. Crim. App. 1975) (providing a motion in limine may not be enforced to exclude properly admissible evidence).  Under these circumstances, the failure to file a motion in limine to exclude admissible evidence is not ineffective assistance of counsel.

Blankenship claims counsel was ineffective by not securing a transcript of Deputy Young's testimony at the suppression hearing to show that the deputy changed his testimony at trial.  (Pet'r Memorandum at 12.)  This claim is not supported by the record.  Having reviewed the reporter's record in its entirety, Deputy Young's testimony at the suppression hearing was significantly the same or similar to his testimony at trial on the critical facts.

Blankenship claims counsel was ineffective by failing to object to a juror's private visitation with the trial judge in chambers before trial and to create a record for appellate review.  (Pet'r Memorandum at 15-16.)  According to Blankenship, Juror Linda Goodlett was observed entering the judge's chambers alone and did not exit for approximately fifteen minutes.[4]  Blankenship admits, however, that it is impossible to know what conversation took place or prejudice resulted to his right to a fair trial.  Thus, even if counsel's alleged omission amounted to deficient performance, Blankenship cannot show he was prejudiced.

Blankenship claims counsel was ineffective by advising him to take the stand and admit his guilt during the punishment phase.  (*Id.* at 16-17.)  It is not an uncommon trial strategy to advise a defendant to confess to the crime during the punishment phase of trial in the hopes that the

---

[4] There is some indication in the record that the juror may have merely entered the wrong door.  (8Reporter's R. at 5.)

7

defendant's candor will perhaps lead the jury to look more favorably upon the defendant when assessing punishment. Such tactical and strategical decisions of counsel will not be second-guessed. *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997). In this case, the jury heard properly admitted evidence of Blankenship's guilt and the sole issue reasonably open to question was the punishment that would be imposed. Therefore, an attempt to mitigate punishment was a realistic trial strategy. Moreover, Blankenship fails to show that such advice was prejudicial, *i.e.,* that the jury would have given him a more favorable sentence had he not confessed.

Blankenship claims that counsel, who was retained, was ineffective by abandoning him at the post-judgment stage of the proceedings. Under Texas law, there is support that the time period for filing a motion for new trial is considered a critical stage of the proceedings during which a defendant is constitutionally entitled to assistance of counsel. *See Hanson v. State*, 11 S.W.3d 285, 288 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd). There is, however, a rebuttable presumption that a defendant was represented by counsel and counsel acted effectively. *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). Blankenship asserts that following his conviction, counsel drafted a form motion for new trial and gave it to his girlfriend but failed to otherwise advise Blankenship or appear at the new trial hearing. (Pet'r Memorandum at 6-7, 33.) Blankenship has not established that he was not represented by counsel during the time for filing a motion for new trial. *See Oldham v. Texas*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). There is nothing in the record to suggest that counsel did not discuss the merits of a motion for new trial with Blankenship, which Blankenship rejected. *Id.* Counsel provided Blankenship with a form motion for new trial, and Blankenship filed his pro se motion for new trial one week after trial. (Clerk's R. at 34.) Blankenship also filed a timely pro se notice of appeal after the motion for new trial was denied.

8

(*Id.* at 37.) This is some evidence that Blankenship was adequately represented by counsel and informed by counsel of his post-judgment rights. *Id.*

Blankenship claims that the cumulative total of counsel's errors prejudiced him and rendered his trial unfair. (Pet'r Memorandum at 33.) The constitutional right to effective assistance of counsel does not entitle an accused to errorless representation by counsel, but rather only counsel reasonably likely to render and reasonably rendering effective assistance. *See Johnson v. Estelle*, 704 F.2d 232, 239 (5th Cir. 1983); *Jones v. Estelle*, 622 F.2d 124, 127 (5th Cir. 1980). Under this standard, it does not appear that the state court's application of *Strickland*'s attorney-performance standard was erroneous or objectively unreasonable. Thus, the state court's adjudication of Blankenship's ineffective-assistance claims is entitled to the appropriate deference.

## II. RECOMMENDATION

Blankenship's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 22, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 22, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 1, 2007.

                                                                /s/ Charles Bleil
                                                                CHARLES BLEIL
                                                                UNITED STATES MAGISTRATE JUDGE